### GRUNDY v. SMITH et al.     (No. 1220.)

(Court of Civil Appeals of Texas. El Paso. April 28, 1921.)

Appeal from District Court, Erath County; J. B. Keith, Judge.

Suit by John E. Smith and others against Walter Grundy. From judgment for plaintiffs, defendant appeals. Affirmed.

R. L. Thompson, of Stephenville, for appellant.

James W. Smith, of Cordell, Okl., for appellees.

HIGGINS, J. This suit was brought by appellees to cancel an oil and gas lease upon certain lands. From a judgment granting the relief sought, Grundy, the assignee of the lease, prosecutes this appeal.

The case was tried without the aid of a jury. The various assignments of error proceed upon the theory that the evidence is insufficient to support the judgment. The assignments will not be separately considered, and we will confine ourselves simply to those phases of the evidence which in our opinion sufficiently support the judgment.

The original and supplementary contracts obligated the lessee to begin operations for the drilling of a well by August 8, 1919, and to diligently and faithfully drill and sink the same at least 3,500 feet, unless oil and gas was found in paying quantities at a less depth. Failure so to do avoided the lease. It may be conceded, as appellant contends, that operations were begun in the time limited; but the evidence abundantly supports the view that appellant did not, with due diligence and in good faith, continue operations. After drilling about 300 feet, he stopped, although no oil or gas had been found. In our opinion the evidence discloses a complete failure on the part of appellant to diligently and in good faith comply with his obligation to drill.

The contract did not convey to the lessee the minerals in place, but merely "amounts to a grant of the right or option to prospect upon the land for oil, gas, and other minerals, and

---

to reduce those minerals to possession and ownership." Grubb v. McAfee, 109 Tex. 527, 212 S. W. 464. In our opinion, the evidence is also sufficient to support a finding that appellant has abandoned his rights under the contract.

For both of the reasons indicated, judgment was properly rendered in favor of appellees. Grubb v. McAfee, supra. Upon this view of the evidence, none of the assignments present reversible error.

Affirmed.